PROB 12C
(7/93)

Report Date: October 14, 2015

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2015

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Ranferi Sanchez Torres            Case Number: 0980 2:10CR02079-FVS-1

Address of Offender:

Name of Sentencing Judicial Officer:  The Honorable Fred Van Sickle, Senior U.S. District Judge

Date of Original Sentence: December 7, 2010

Original Offense:        Possession of a Firearm by Prohibited Person, 18 U.S.C. § 922(g)(1)

Original Sentence:       Prison - 30 months              Type of Supervision: Supervised Release
                         TSR - 36 months

Asst. U.S. Attorney:     Thomas J. Hanlon                Date Supervision Commenced: May 16, 2014

Defense Attorney:        Federal Defenders Office        Date Supervision Expires: February 15, 2016

## PETITIONING THE COURT

**To issue a warrant.**

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Standard Condition # 2**: The offender shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.<br><br>**Supporting Evidence**: Mr. Torres failed to submit a monthly superivsion report for September 2015. |
| 2 | **Standard Condition # 3**: The offender shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.<br><br>**Supporting Evidence**: On June 24, 2015, the undersigned officer attempted to contact Mr. Torres at his residence of 309 South 7th Street, Apartment #31, in Brewster, Washington, with local law enforcement, after local law enforcement indicated an individual with an active warrant may be residing at Mr. Torres' residence. Upon knocking on the door, there was no answer. Subsequently, the undersigned officer left a business card in the door of the residence instructing the offender to make contact with this officer.<br><br>On June 30, 2015, Mr. Torres contacted the undersigned officer by telephone. He was advised by the undersigned that a home contact would need to be conducted in the near future. |

On July 21, 2015, the undersigned officer sent Mr. Torres a text message advising this officer would be in Brewster, Washington, the next day and asked to schedule a time to meet. Mr. Torres did not respond to that text message.

On July 22, 2015, the undersigned attempted to contact Mr. Torres at his listed address of 309 South 7th Street in Brewster, Washington, for the purposes of a home contact. Upon knocking on the door, there was no answer. The undersigned officer left a business card instructing Mr. Torres to contact this officer immediately, in which he failed to do so.

On September 9, 2015, the undersigned officer attempted to contact Mr. Torres at his reported residence of 309 South 7th Street in Brewster, Washington, with local law enforcement, as Mr. Torres reportedly had outstanding warrants for failure to pay fines in state court cases. Upon knocking on the door, there was no answer. The undersigned officer again left a business card in the door with instructions for Mr. Torres to contact this officer, in which he failed to do.

On September 23, 2015, the undersigned officer sent Mr. Torres a letter advising him that his supervision was reassigned to USPO Kuipers. The letter instructed Mr. Torres to contact USPO Kuipers no later than October 9, 2015. Mr. Torres failed to contact USPO Kuipers as instructed.

On September 28, 2015, USPO Kuipers and the undersigned officer attempted to contact Mr. Torres at his residence of 309 South 7th Street in Brewster, Washington, for the purposes of an unannounced home contact. Upon knocking on the door, USPO Kuipers and the undersigned officer observed an individual look through the blinds in the window, but did not answer. USPO Kuipers continued to knock on the door, with no response. The undersigned officer sent Mr. Torres a text message advising him of our presence at his residence, but there was no response. Subsequently, a business card was left in the door instructing Mr. Torres to contact USPO Kuipers.

In addition to the above-noted efforts to establish contact with Mr. Torres, the undersigned officer has made multiple attempts to contact him by telephone, text message, collateral contacts and his employer, and has been unsuccessful.

The undersigned officer's last face-to-face contact with Mr. Torres was on March 13, 2015. His last telephone contact was in the form of a text message on July 8, 2015. Mr. Torres' last contact with the undersigned officer was in the form of his submission of a monthly supervision report, which was received on August 5, 2015. Based on his lack of response to the undersigned officer's efforts to contact him, it appears Mr. Torres is unwilling to avail himself for supervision and has absconded.

3   **Standard Condition # 5**: The offender shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.

**Supporting Evidence**: Mr. Torres was last employed at Brewster Heights Packing and Orchards (also known as Gebber's Farms) in Brewster, Washington. On September 28, 2015, USPO Kuipers and the undersigned officer attempted to contact Mr. Torres at his aforementioned employer. An individual working in the main office of that business advised Mr. Torres had not worked at that business for approximately 3 weeks. Mr. Torres failed to notify the undersigned officer of his change in employment.

Prob12C
**Re: Torres, Ranferi Sanchez**
**October 14, 2015**
**Page 3**

    4    **Standard Condition # 6**: The offender shall notify the probation officer at least ten days prior to any change in residence or employment.

**Supporting Evidence**: On April 22, 2015, the undersigned officer attempted to contact Mr. Torres at his reported address of 2225 Foster Creek Avenue in Bridgeport, Washington, for the purposes of an unannounced home contact. A female answered the door and advised Mr. Torres did not reside at that residence.

Subsequently, the undersigned officer contacted Mr. Torres telephonically on April 22, 2015. Mr. Torres reported at that time he had moved to 309 South 7th, Apartment 31, in Brewster, Washington, approximately 1 ½ weeks earlier. Mr. Torres failed to notify the undersigned officer of his change of residence prior to moving.

The undersigned officer has been unable to establish face-to-face contact with Mr. Torres at his most recent address of 309 South 7th Street, Apartment 31, in Brewster, Washington, to confirm he resides at this address. As reported in violation #2, multiple attempts to contact Mr. Torres at his residence have been unsuccessful.

The U.S. Probation Office respectfully recommends the Court issue a warrant for the arrest of the defendant to answer the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    October 14, 2015

s/Erik Carlson

Erik Carlson
U.S. Probation Officer

---

THE COURT ORDERS

[ ]   No Action
[X]   The Issuance of a Warrant
[ ]   The Issuance of a Summons
[ ]   Other

s/Fred Van Sickle

Signature of Judicial Officer

October 15, 2015

Date